UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENOL MAYANT (A#071-896-598),<br>Petitioner,<br>v.<br>WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-05293-TLN-SCR<br><br>ORDER AND<br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

The undisputed facts demonstrate that Petitioner entered the United States lawfully in 1992 through advanced humanitarian parole. ECF No. 12-1 at 3. He also had Temporary Protected Status ("TPS"), which reportedly expired in 2011. Id. at 2. In October 2025, a Florida Highway Patrol trooper—who was apparently exercising immigration enforcement authority under Immigration and Nationality Act ("INA") § 287(g)—detained Petitioner during the traffic stop of a vehicle in which he was a passenger. Petitioner was transferred to Immigration and Customs Enforcement ("ICE") custody and is currently detained at the California City Detention

Facility located in this judicial district.

ICE issued Petitioner a Notice to Appear, charging him as inadmissible pursuant to § 212(a)(7)(A)(ii) of the INA allegedly overstaying his nonimmigrant visa. Petitioner was not charged as removable based on any criminal conviction, despite having incurred several misdemeanor convictions. An immigration judge ordered Petitioner removed to Haiti on April 16, 2026, and Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"). Therefore, he is not subject to a final order of removal.

In his § 2241 petition, Petitioner challenges his immigration detention under the Fifth Amendment's Due Process Clause because he has not been provided a bond hearing during his ten months of detention. By way of relief, Petitioner seeks immediate release on appropriate conditions of supervision, or, in the alternative, a prompt bond hearing before an immigration judge. ECF No. 1 at 7.

In their opposition, Respondents "preserve their position that Petitioner is subject to mandatory, pre-order detention" pursuant to 8 U.S.C. § 1225(b), but recognize that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing to determine Petitioner's suitability for release form detention pending a final order of removal." ECF No. 12 at 1.

On July 6, 2026, this case was transferred from the Middle District of Florida based on the location of Petitioner's detention at the California City Detention Center at the time the petition was filed. ECF No. 6 (transfer order). Accordingly, the Court sua sponte substitutes the Warden of the California City Detention Center as the proper respondent in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

**II. Analysis**

In light of the Ninth Circuit's decision in Rodriguez Vasquez v. Bostock, --- F.4th --- 2026 WL 219642 (July 30, 2026), the undersigned finds that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is entitled to a bond hearing. Despite this clear legal authority, Respondents have not provided any hearing to Petitioner either pre- or post-detention. Therefore, Petitioner is entitled to immediate release from immigration custody as his mandatory detention is

unlawful under the Immigration and Nationality Act. See Lida G.B. v. Albarran, No. 1:25-cv-02061-TLN-CKD, 2026 WL 19104 (E.D. Cal. Jan. 3, 2026) (ordering immediate release for noncitizen who was granted humanitarian parole into the country and then redetained absent any pre or post-deprivation hearing even though detained pursuant to 8 U.S.C. § 1226(a)).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall amend the docket to substitute the Warden of the California City Detention Facility as the proper respondent in this matter.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondents be ordered to immediately release Petitioner KENOL MAYANT (A#071-896-598) from their custody under standard conditions of supervision.

3. At the time of release, Respondents be required to return all of Petitioner's documents and possessions.

4. Respondents be prohibited from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. Petitioner shall be allowed to have counsel present at the hearing.

5. Within three (3) days of any final order requiring release in this case, Respondents be required to file a notice of compliance with this Court.

6. Any final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to:

a. Serve a copy of any order of release on the California City Detention Facility; and,

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 14, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE