UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENOL M.,[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-05293 TLN SCR<br><br>**A# 071-896-598**<br><br>**RELEASE ORDER** |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 17, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 13.) Respondents filed objections to the findings and recommendations arguing that *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), does not control because

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Petitioner was paroled into the United States.[2] (ECF No. 14 at 1–2.) This objection is without merit. *Rodriguez Vazquez* holds that "[noncitizens] present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not 1225(b)(2)(A)." 2026 WL 2196424 at *3. According to the government's documents, Petitioner is charged as being inadmissible under § 212 of the Immigration and Nationality Act and was ordered removed by reason of being "inadmissible". (ECF No. 12-1 at 2; ECF No. 12-3 at 3.) Therefore, as a noncitizen without admission who was detained in the interior of the United States, Petitioner is squarely within the *Rodriguez Vazquez* class and his detention is governed by 8 U.S.C. § 1226(a).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 13) are ADOPTED in full and as set forth below.

2. Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. Respondents are ordered to immediately release Petitioner Kenol M. (A# 071-896-598) from custody under standard conditions of supervision. At the time of release, Respondents must return all of Petitioner's documents and possessions and provide Petitioner a copy of this Order.

4. Respondents are ordered to file a **Notice of Compliance** within **three (3) court days from the date of this Order** confirming that Petitioner has been released from custody. Such notice shall note the exact terms of Petitioner's ongoing conditions of supervision.

---

[2] District courts have discretion but are not required to consider new evidence and arguments raised for the first time in objections to a magistrate judge's findings and recommendations. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000). While Respondents' argument that Petitioner is subject to 8 U.S.C. § 1225(b)(2) by virtue of being paroled into the United States was not previously raised, the Court will exercise its discretion to consider this new argument here.

5. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents show by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

6. **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

7. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: August 24, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE